# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ALLISON DOUGLAS, *on behalf of herself and others similarly situated*,<br><br>*Plaintiff*,<br>v.<br><br>RECOVERY REMEDIES CORPORATION,<br><br>*Defendant*. | Civil Case No.:<br>_____<br><br>**Complaint – Class Action**<br><br>**Jury Trial Demanded** |

## Nature of this Action

1. Allison Douglas ("Plaintiff") brings this class action against Recovery Remedies Corporation ("Defendant") under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

2. Upon information and good faith belief, Defendant routinely violates the FDCPA by using false, deceptive, misleading, harassing, and abusive practices in connection with Defendant's attempts to collect alleged debts from Plaintiff and other similarly situated consumers.

3. More specifically, Defendant routinely violates 15 U.S.C. § 1692d(6) and 15 U.S.C. § 1692e(14) by placing debt collection telephone calls without providing meaningful disclosure of Defendant's identity as the caller and identifying itself by names other than the true name of Defendant's business,

company or organization.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

5. This Court has jurisdiction over Defendant because Defendant conducts business transactions in this district, Defendant attempts to collect debts from individuals located in this district, and Defendant has committed tortious acts in this district.

6. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district, as Defendant caused debt collection telephone calls to be made to Plaintiff in this district.

## Parties

7. Plaintiff is a natural person who at all relevant times resided in Douglasville, Georgia.

8. Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owned or due, a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property,

insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes (the "Debt").

10. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

11. Defendant is a company with its principal office located at 3660 Regent Boulevard, Suite 220, Irving, Texas 75063-2229.

12. Upon information and good faith belief, Defendant does not have a physical place of business in the State of Georgia.

13. Upon information and good faith belief, Defendant does not have any assets in the State of Georgia.

14. Defendant has not registered with the State of Georgia.

15. Defendant is an entity that at all relevant times was engaged, by use of the telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1682a(5).

16. Defendant describes itself as "an experienced and highly skilled debt collection agency offering customized collection methodology."

17. At the time Defendant attempted to collect the Debt from Plaintiff, the Debt was in default, or Defendant treated the Debt as if it were in default from the time that Defendant acquired it for collection.

18. Defendant uses instrumentalities of interstate commerce or the telephone lines in a business the principal purpose of which is the collection of any

debts, or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

19. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

**Factual Allegations**

20. Within the one year immediately preceding the filing of Plaintiff's complaint in this action, Defendant contacted Plaintiff via her telephone on multiple occasions to collect the Debt.

21. Within the one year immediately preceding the filing of Plaintiff's complaint in this action, Defendant left multiple pre-recorded telephonic voice messages for Plaintiff on her telephone voicemail system in an attempt to collect the alleged Debt ("Messages").

22. The following is a transcription of the pre-recorded Messages Defendant left for Plaintiff during the one year prior immediately preceding the filing of their complaint:

> This is Erica Russell calling from R-Squared. Please give us a call back at (812) 365-0538 at your earliest convenience between 8:00am - 5:00pm Central Standard Time. Again, our phone number is (812) 365-0538. Have a great day.

23. Plaintiff received these Messages on various dates and times, including but not limited to: August 24, 2022, August 26, 2022, September 15,

2022, September 20, 2022, September 22, 2022, September 30, 2022, October 8, 2022, November 22, 2022 and December 20, 2022.

24. Each of the Messages is a "communication" as defined by 15 U.S.C. § 1692a(2).

25. Each of the Messages was left by Defendant in connection with the collection of a "debt" as defined by 15 U.S.C. § 1692a(5).

26. The Messages are identical, in that each uniformly failed to: (a) provide meaningful disclosure[1] of Defendant as the caller; and (b) disclose the true name of Defendant's business, company, or organization.

27. The FDCPA is enforced by the Federal Trade Commission ("FTC"), which has offered guidance on how to interpret that statute. *See Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1372 n.2 (11th Cir. 1998).

28. The FTC has interpreted the "true name" requirement in § 1692e(14) to permit a debt collector to "use its full business name, the name under which it

---

[1] The Fair Debt Collections Practices Act does not define "meaningful disclosure," but in *Hart v. Credit Control, LLC,* the United State Court of Appeals for the Eleventh Circuit interpreted "meaningful disclosure" as requiring a debt collector's voice message to provide two types of information: first, "the name of the debt collection company[,]" and second, "the nature of the debt collection company's business, which can be satisfied by disclosing that the call is on behalf of a debt collection company[.]" 871 F.3d 1255, 1260 (11th Cir. 2017).

usually transacts business, or a commonly-used acronym[,]" as long as "it consistently uses the same name when dealing with a particular consumer."[2]

29. "R-Squared" is not Defendant's full business name, the name under which it usually transacts business, nor a commonly used acronym of its registered name.

30. The name "R-Squared" does not appear in a single instance on Defendant's website.[3]

31. Defendant is not registered to use the name "R-Squared" in any context in the State of Georgia.

32. Defendant has not licensed the name "R-Squared" for use in any context in the State of Georgia.

33. Defendant has not trademarked the name "R-Squared" for use in any context.

34. A google search of "R-Squared" along with the words "debt collector" does not result in links to Defendant's website or any information associated with Defendant.[4]

---

[2] *Statements of General Policy or Interpretation Staff Commentary On the Fair Debt Collection Practices Act*, 53 Fed. Reg. 50097, 50107 (Dec. 13, 1988).
[3] *See* https://recoveryremedies.com (last accessed December 15, 2022).
[4] https://www.google.com/search?q=R-Squared+Debt+Collector&ei=OpKbY-6xOuKjptQP4Kym-Ak&ved=0ahUKEwjutrCgyfz7AhXikYkEHWCWCZ8Q4dUDCA8&uact=5&oq=R-

35. Upon information and belief, Defendant uses "R-Squared" to conceal its real name and to increase the chances that a consumer will return one of Defendant's phone calls and/or interact with Defendant.

36. When called, the telephone number (812) 365-0538 is answered by a prerecorded message that states "Thank you for calling Recovery Remedies". The prerecorded message does not reference "R-Squared."

37. The only way for Plaintiff and/or a least sophisticated consumer to obtain the true identity of the caller, and to ascertain the purpose of the underlying Messages, is to place a return call to the telephone number provided in the Messages.

38. Accordingly, Defendant's Messages failed to meaningfully identify Defendant as the caller.

39. In addition, Defendant does not consistently use the same name when dealing with a particular consumer as evidenced by the difference in name when a consumer calls back the number (812) 365-0538.

40. Federal Courts across the country—including the 11th Circuit Court of Appeals—uniformly hold that the FDCPA requires debt collectors to provide

---

Squared+Debt+Collector&gs_lcp=Cgxnd3Mtd2l6LXNlcnAQAzIFCAAQogQyCg gAEPEEEB4QogQyBQgAEKIEMgUIABCiBDoKCAAQRxDWBBCwAzoNCA AQRxDWBBDJAxCwAzoICAAQkgMQsANKBAhBGABKBAhGGABQxgZYx Bhg2BtoAXABeACAAWmIAcgBkgEDMS4xmAEAoAEByAEIwAEB&sclient= gws-wiz-serp#ip=1 (last accessed December 15, 2022).

meaningful identification of itself in telephonic voice messages left for consumers, by accurately stating the true name of the debt collection company and the nature and/or purpose of the call.

41.    At all times relevant to this action, Defendant was aware of the requirement requiring it to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the Messages, by accurately stating its true company name, sating the nature and/or purpose of the call, and disclosing that it is a debt collector.

42.    At all times relevant to this action, Defendant willfully, deliberately, and intentionally chose not to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the Messages, by accurately stating its true company name and stating the nature and/or purpose of the call.

43.    Defendant's act of leaving the Messages for Plaintiff is conduct the natural consequences of which is to harass, oppress, or abuse a person in connection with the collection of a debt and is in violation of the FDCPA.

44.    Defendant's act of leaving the Messages constitutes the use of a false, deceptive, or misleading representation or means in connection with the collection of any debt and is in violation of the FDCPA.

45.    The FDCPA secures a consumer's right to have a debt collector cease further communications with the consumer. By failing to meaningfully identify

itself, Defendant has engaged in conduct designed to deprive consumers of their right to have a debt collector cease further communications without providing their personal information.

46. It is Defendant's policy and practice to leave telephonic voice messages for consumers and other persons, such as the Messages, that violate the FDCPA by, *inter alia*: (a) failing to provide meaningful disclosure of Defendant's identity; (b) using false representations and deceptive means to collet or attempt to collect any debt and to obtain information concerning a consumer; and (c) using the name of any business, company, or organization other than the true name of the debt collector's business, company or organization.

## Class Action Allegations

47. Plaintiff brings this action under Federal Rules of Civil Procedure 23(a), (b)(2) and (b)(3) as a representative of the following class:

> *Class*: All persons throughout the United States or its territories (1) to whom Defendant placed, or caused to be placed, at least one call, (2) from one year preceding the date of this class action complaint through the date of class certification, (3) in connection with the collection of a consumer debt, (4) that left a telephonic voice message (5) that identified the Defendant as "R-Squared" and/or failed to advise that the call was on behalf of a debt collection company.

48. Excluded from the class are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a

controlling interest, class counsel and their employees, and the judicial officers and their immediate family members and associated court staff assigned to this case.

49. Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

50. The exact number of the members of the class is unknown to Plaintiff at this time and can be determined only through appropriate discovery including Defendant's records.

51. The members of the class are ascertainable because they are defined by reference to objective criteria.

52. In addition, the members of the class are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant and by third parties.

53. Plaintiff's claims are typical of the claims of the members of the class.

54. As it did for all members of the class, Defendant placed calls to Plaintiff's telephone number in an attempt to collect a debt and left a voice mail message that identified Defendant as "R-Squared" and failed to advise that the call was on behalf of a debt collection company.

55. Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Defendant.

56. Plaintiff's claims are based on the same theories as the claims of the

members of the class.

57. Plaintiff suffered the same injuries as the members of the class.

58. Plaintiff is an adequate representative of the class because she will fairly and adequately protect the interests of the members of the class.

59. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

60. Plaintiff will vigorously pursue the claims of the members of the class.

61. Plaintiff has retained counsel experienced and competent in class action litigation.

62. Plaintiff's counsel will vigorously pursue this matter.

63. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

64. The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class.

65. Questions of law and fact common to all members of the class are:

    a. Whether Defendant violated the FDCPA;

    b. Whether Defendant's conduct, pattern, and practice as it pertains to identifying itself as "R-Squared" violated the FDCPA;

c. Whether Defendant's conduct, pattern, and practice as it pertains to not indicating its calls are on behalf of a debt collection company violate the FDCPA;

d. The availability of statutory penalties.

66. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

67. If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

68. The pursuit of separate actions by individual members of the class would, as a practical matter, create a risk of being dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

69. The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

70. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

71. The damages suffered by individual members of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

72. The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

73. The conduct of this action as a class action presents far fewer management difficulties, conserves judicial resources and the parties' resources, and protects the rights of each class member.

74. Defendant has acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

## Count I
### Violation of 15 U.S.C. § 1692d

75. By placing calls to Plaintiff's telephone number and the telephone numbers of the members of the class and leaving voice mail messages that did not meaningfully disclose the caller's identity, as set forth in paragraphs 20-46, which are hereby incorporated by reference, Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff and the members of the class in connection with Defendant's collection of a consumer debt.

76. Accordingly, Defendant violated 15 U.S.C. § 1692d.

77. As a result of Defendant's violations of 15 U.S.C. § 1692d, Plaintiff and the members of the class are entitled to damages in an amount to be proven at trial.

## Count II
## Violation of 15 U.S.C. § 1692e

78. By placing calls to Plaintiff's telephone number and the telephone numbers of the members of the class and leaving voice mail messages that used a business, company, or organization name (i.e., "R-Squared") other than the true name of the debt collector's business, company, or organization (i.e., Recovery Remedies Corporation), as set forth in paragraphs 20-46, which are hereby incorporated by reference, Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

79. Accordingly, Defendant violated 15 U.S.C. § 1692e.

80. As a result of Defendant's violations of 15 U.S.C. § 1692e, Plaintiff and the members of the class are entitled to damages in an amount to be proven at trial.

## Prayer for Relief

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a representative of the class under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as counsel for the class under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 15 U.S.C. § 1692d;

e) Adjudging and declaring that Defendant violated 15 U.S.C. § 1692e;

f) Enjoining Defendant from continuing its violative behavior, including continuing to place calls to Plaintiff's telephone number, and to the telephone numbers of members of the class, with the same or similar voicemail messages received by Plaintiff;

g) Awarding Plaintiff and the members of the class damages under 15 U.S.C. § 1692k(a)(1), (2);

h) Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under 15 U.S.C. §1692k(a)(1)(3);

j) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and,

k) Awarding such other and further relief as the Court may deem just and proper.

**Demand for Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: December 20, 2022

/s/ *John A. Love*
GA Bar No. 459155
John A. Love
LOVE CONSUMER LAW
2500 Northwinds Parkway, Suite 330
Alpharetta, Georgia 30009
Telephone: 404-855-3600
Fax: (404) 301-2300
tlove@loveconsumerlaw.com

Eric H. Weitz, Esquire*
Max S. Morgan, Esquire*
THE WEITZ FIRM, LLC
1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com
eric.weitz@theweitzfirm.com

(*pro hac vice* forthcoming)
*Counsel for Plaintiff and the proposed classes*